UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE M. S.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:24-CV-5244-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I. Factual and Procedural History

Plaintiff filed a claim for SSI on October 29, 2020. Dkt. 7, Administrative Record ("AR") 204–13. Her application was denied at the initial level and on reconsideration. AR 64, 74. She requested a hearing before an ALJ, which took place on January 6, 2023. AR 30–63, 109–21. Plaintiff was represented by counsel at the hearing. *See* AR 30. The ALJ issued an unfavorable decision denying benefits, finding Plaintiff had not been under a disability since the application date. AR 12–29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 202–03. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III.   Discussion

Plaintiff argues the ALJ erred by improperly rejecting medical opinion evidence from psychological consultative examiner W. Kefron McCaw, Psy.D. Dkt. 9 at 1, 4–5.

ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors.[2] 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions[.]" *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Dr. W. Kefron McCaw performed a consultative examination of Plaintiff on August 13, 2020. AR 421. After a clinical interview, Dr. McCaw diagnosed Plaintiff with Generalized Anxiety Disorder with an onset date of 2018, noting that her symptoms of inability to control worry and impaired concentration would affect her ability to work. AR 422. He found Plaintiff had mild or no limitations in her ability to perform most basic work activities but noted moderate limitations in her ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 423. He rated the overall severity of Plaintiff's mental

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

condition as "none or mild" and indicated Plaintiff would be impaired for about three months with available treatment. AR 423–24.

The ALJ indicated that he found Dr. McCaw's opinion persuasive:

> The doctor opined the claimant has mostly no or mild limitation in listed mental work activities, with some moderate limitations, but overall only no or mild severity. To the extent that the doctor indicates overall only mild mental impairment, it is supported by his examination and the longitudinal record as discussed above in evaluating the DDS opinion. Accordingly, Dr. McCaw's opinion is persuasive.

AR 18.

Plaintiff argues the ALJ failed to address Dr. McCaw's opined moderate limitations or incorporate these limitations into the RFC. Dkt. 9 at 5. Defendant responds that the ALJ found Dr. McCaw's opinion persuasive in the context of the step two determination that Plaintiff did not have a severe mental impairment and that the ALJ reasonably relied on Dr. McCaw's opinion to find Plaintiff's mental impairments did not significantly limit her functioning over the twelve-month period required at step two. Dkt. 11 at 1–2. However, the ALJ did not reference Dr. McCaw's finding that Plaintiff would be impaired for approximately three months with treatment. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Accordingly, Defendant's argument is without merit.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394–95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995)

(quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence[.]" *Id.* at 571.

Here, the ALJ acknowledged that Dr. McCaw found Plaintiff had "some moderate limitations" but did not provide any reasons for rejecting these moderate limitations, nor did he incorporate the opined limitations into the RFC. Because the ALJ failed to include any meaningful discussion about these limitations, the Court cannot determine whether the ALJ properly considered these opined limitations or simply ignored this portion of the evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Accordingly, the ALJ erred. Had the ALJ properly considered all of Dr. McCaw's opined limitations, the RFC may have included additional limitations related to Plaintiff's mental impairments. Therefore, the ALJ's error was not harmless and requires reversal. On remand, Plaintiff should be provided an opportunity to update the record and, because the ALJ included this discussion at step two of the sequential evaluation, the ALJ should reevaluate step two and all subsequent steps.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning October 29, 2020. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 24th day of September, 2024.

David W. Christel
United States Magistrate Judge